**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 11-3152

ROBERT G. BAKER,
on behalf of himself and all others similarly situated,

Appellant

v.

HARTFORD UNDERWRITERS INSURANCE COMPANY

On Appeal from the United States District Court
for the District of Delaware
(Civ. No. 1-10-cv-00861)
District Judge: Hon. Sue L. Robinson

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 12, 2012

Before:  McKEE, *Chief Judge*, HARDIMAN, *Circuit Judge*, and
JONES, *District Judge*.[*]

(Opinion filed: July 24, 2012)

OPINION

McKEE, *Chief Judge*.

Robert G. Baker filed a putative class action complaint against Hartford

Underwriters Insurance Company seeking a declaratory judgment that Hartford violated

21 Del. C. §§ 2118 and 2118B.  Section 2118 requires that all automobile owners have

automobile insurance with certain minimum coverage and section 2118B describes the

---

[*] The Hon. C. Darnell Jones, II, United States District Judge of the United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

insurers' obligations regarding the processing and payments of insurance benefits, respectively. The complaint also asserted claims of bad faith breach of insurance contract, breach of the covenant of good faith and fair dealing, and tortious interference with contract. Baker, who has an automobile insurance policy with Hartford, which contains Personal Injury Protection ("PIP") coverage, alleged that claims for medical expenses and other benefits under Hartford's PIP coverage were arbitrarily and systematically denied, not paid in full or were paid late by Hartford and that Hartford has a regular business practice of denying claims without reasonable basis or justification.

Hartford filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), or, in the alternative, for a more definitive statement. The district court granted the motion to dismiss, without leave to amend, in a Memorandum Order. *Baker v. Hartford Underwriters Ins. Co.*, 2011 WL 2709236 (D. Del. July 12, 2011). It found that Baker lacked standing because the complaint "fails to state facts to support a claim that an actual injury has occurred to satisfy the first prong of the 'injury in fact' test." *Id*. at *2. The district court explained:

> The complaint provides an example of [Harford's] adjustment of reimbursement rates on [Baker's] medical bills, as follows: "[A] charge from Dynamic Therapy Services, LLC for services performed on May 6, 2010 was reduced from $55.00 to $49.50" for a total of $5.50 in damages. However, the complaint fails to indicate that [Baker] has actually paid any amount out-of-pocket, $5.50 or otherwise. [Baker] states that he has submitted "bills from [DTS] which have not been paid, **and remain unpaid**." The complaint also states that [Baker] has received notices regarding outstanding balances on his medical bills; there is no indication, however, that [Baker] has been billed for them, or that he has paid those balances.

*Id.* (citations omitted) (emphasis in original).

Baker has appealed the district court's dismissal of his complaint, contending that the dismissal was error. We disagree.[1]

The district court thoroughly and carefully explained why Baker's complaint failed to allege that he suffered an "injury in fact" sufficient to establish standing.[2] We can add nothing to that explanation. Accordingly, we will affirm the district court substantially for the reasons set forth in the district court's Memorandum Order.

One matter remains. Baker argues that the district court erred by dismissing the complaint without providing him the opportunity to amend the complaint. We again disagree.[3] To the extent that Baker requested leave to amend his complaint, the "request" is obscurely situated in a footnote in his memorandum of law in opposition to Hartford's motion to dismiss. The footnote reads:

> To the extent the Court finds that additional facts are necessary to support the Complaint, Plaintiff is willing to amend the Complaint and add copies of the Explanation of Benefits Forms, a copy of the provider's statement showing the amount of unpaid bills and any other information that the Court finds necessary.

---

[1] We exercise plenary review over a decision granting a motion to dismiss. *Jones v. ABN AMRO Mort. Group, Inc.*, 606 F.3d 119, 123 (3d Cir. 2010).

[2] "It is a fundamental principle of law that a plaintiff must demonstrate injury to himself by the parties whom he sues before that plaintiff can successfully state a cause of action." *Weiner v. Bank of King of Prussia*, 358 F. Supp. 684, 690 (E.D. Pa. 1973). "A potential class representative must demonstrate individual standing vis-as -vis (sic) the defendant; he cannot acquire such standing merely by virtue of bringing a class action." *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998).

[3] We review a decision denying leave to amend under an abuse of discretion standard. *Jones v. ABN AMRO Mort. Group, Inc.*, 606 F.3d at 123.

Baker's Memorandum of Law in Opposition to the Motion to Dismiss, at 9 n.5 (App. 062).

However, Baker did not submit a draft amended complaint to the district court to allow the court to determine whether amendment would be futile. That failure "is fatal to a request for leave to amend" and "a district court need not worry about amendment when the plaintiff does not properly request it." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) (citations omitted).

In addition, in the district court, Baker failed to offer any facts which, if pled, would have cured the defects in his complaint. He did not inform the district court that he would plead in an amended complaint that he personally paid the unpaid balances of his medical providers' bills or that he was being sued by the medical providers for the unpaid balances of those bills. Thus, Baker's attempt to fashion a class action here is completely without merit.

For all of these reasons, the district court did not abuse its discretion in denying Baker leave to amend his complaint.

4